**FILED**

FEB - 3 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORI MCGUIRK, | ) | **06C 0656** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. **JUDGE ZAGEL** |
| | ) | |
| NORTHEAST CREDIT AND COLLECTIONS, | ) | **MAGISTRATE JUDGE MASON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, LORI MCGUIRK, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, NORTHEAST CREDIT AND COLLECTIONS, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

### PARTIES

3. Plaintiff, LORI MCGUIRK ("Plaintiff"), is an individual who was at all relevant times residing in the Town of Carol Stream, State of Illinois.

4. At all relevant times herein, Defendant, NORTHEAST CREDIT AND COLLECTIONS, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. §

1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Education Direct.

5.  Defendant is a corporation that has its principal place of business and its offices located in the State of Pennsylvania.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. NORTHEAST CREDIT AND COLLECTIONS

6.  In December of 2005, Plaintiff, Lori McGuirk received a debt collection letter from Defendant, Northeast Credit and Collections, collecting a debt allegedly owed to Education Direct for $1509.00. In said communication, the correspondence did not contain any information stating it was from a debt collector and was an attempt to collect a debt.

7.  On or about December 30, 2005, Plaintiff contacted Defendant and spoke to a representative explaining that Plaintiff had filed for bankruptcy in 2002 and this debt was included in her bankruptcy and discharged in 2003.

8.  Plaintiff then spoke with a manager of Defendant by the name of Mr. Sanchez, and explained that the debt Defendant was attempting to collect was discharged in her bankruptcy in 2003.

9.  Despite explaining that the debt had been discharged Mr. Sanchez berated Plaintiff and told her to pay the debt.

10.  On January 4, 2006, Plaintiff received a second debt collection letter from Defendant despite notice that the debt was discharged in bankruptcy.

11.  In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

a. Used false, deceptive or misleading representation or means in connection with the collection of any debt by failing to disclose in communications subsequent to the initial communication that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11).

b. The use of profane language and otherwise engaging in conversation with plaintiff with the intent to cause duress in violation of 15 U.S.C. § 1692d

12. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LORI MCGUIRK, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for each Plaintiff;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
**LORI MCGUIRK**

By: _____
Attorney for Plaintiff

LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys for Plaintiff
205 North Michigan Avenue
40TH Floor
Chicago, Illinois 60601
Ph (312) 222-9028
Fax (312) 602-3911